**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 3:10CR00304** |
| | ) | **JUDGE CAMPBELL** |
| **WILLIAM PATRICK CABLE** | ) | |
| **LINDSEY SPRING MCKINDER** | ) | |
| **GREGORY MITCHELL HILL** | ) | |

## ORDER  SUBSTITUTING  RESTITUTION  RECIPIENT

Judgment was entered as to the above-named defendants, William Patrick Cable (Docket Entry No. 74) and Gregory Mitchell Hill (Docket Entry No. 76) on September 20, 2011, and Defendant Lindsey Spring McKinder on September 26, 2011 (Docket Entry No. 81), wherein joint and several restitution in the amount of $20.00 was ordered to be paid to McDonald's.

Based upon information provided by the Clerk's Office, McDonald's has advised the Financial Department that the restaurant which is the subject of restitution in this case is independently owned by McDonald's franchisee, Mr. Theodore Bertuca.

Accordingly, the aforementioned Judgments are hereby amended to reflect that Mr. Theodore Bertuca, as owner of McDonald's (Store #2414), shall receive the balance of $20.00 joint and several restitution due McDonald's.

The Court's authority to substitute the victim's name in the judgment is drawn from the All Writs Act (28 U.S.C. §1651 (a)), which expressly authorizes a federal court to issue such orders "as may be necessary or appropriate to effectuate and prevent the frustration of orders it  has previously issued in its exercise of jurisdiction otherwise obtained."

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE